No. 824

FAIN v. STATE

Ohio Appeals, 4th Dist., Ross Co.

Decided Sept. 29, 1927.

**First Publication of this Opinion**

Syllabus by Editorial Staff.

**405a. DISQUALIFICATION. — 943. Prejudice.**—Judge, who is large taxpayer in county, not disqualified, thereby, from hearing criminal case.

Error to Common Pleas.

Judgment affirmed.

L. M. Day and C. B. Rais, Chillicothe, for Fain.

W. M. McKenzie, Pros. Atty., Chillicothe, for State.

FULL TEXT.

BY THE COURT.

The plaintiff in error was convicted in the Court of Common Pleas of this county of unlawfully selling intoxicating liquor. He maintains in this proceeding that the trial judge was a large tax payer in said county and was therefore disqualified from hearing and determining said charge against him. He contends that by reason of that fact the trial judge had a direct, personal, pecuniary interest in the determination of the case.

It may be noticed, in the first place, that the record contains no evidence showing that the trial judge is a tax payer in this county as charged and therefore the question is not properly presented here. Assuming, however, that said judge was a taxpayer, it does not follow that he was for that reason disqualified. The disqualification aimed at in the Tumey case was one arising from an individual and personal pecuniary interest as distinguished from the interest held in common by all citizens who are tax payers in matters regarding public revenues and taxation. The objection here made, if allowed, would render all judges and citzens who are tax payers incompetent to act in any criminal case. Such a situation as that was not intended to nor does it follow from the rule announced in the Tumey case.

The evidence against the plaintiff in error was direct and positive and given by persons connected with the transaction charged. In our view of the record no other judgment was possible.

(Middleton and Mauck, JJ., concur. Sayre, PJ., not sitting.)